# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re Petition of Frescati Shipping Company Ltd., as owner of the M/T ATHOS I and TSAKOS SHIPPING & TRADING, S.A., as Manager of the ATHOS I for Exoneration from Or Limitation of Liability

CIVIL ACTION NO. 05-cv-305

**FILED**
JAN 21 2005
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Petitioners Frescati Shipping Company, Ltd. (hereinafter "Frescati") and Tsakos Shipping & Trading, S.A. (hereinafter "Tsakos"), by and through their undersigned counsel, Montgomery, McCracken, Walker & Rhoads, LLP, hereby files this Complaint for Exoneration From or Limitation of Liability pursuant to 46 U.S.C. App. §183 and alleges on information and belief as follows:

### Jurisdiction and Venue

1. This is a matter within the court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

2. Venue is proper in this district pursuant to Fed. R. Civ. P. Supplemental Rule F (9) for certain Admiralty and Maritime Claims. The vessel has been within the district, the events described herein caused damage within the district and there are no suits pending in any other district as a result of the incident described herein.

3. Exoneration or, in the alternative, limitation pursuant to 46 U.S.C. App. § 183 is sought only with respect to claims cognizable under general maritime and/or state law. No limitation is sought under the above statute with respect to claims cognizable under the Oil

1117514v1

Pollution Act of 1990 ("OPA-90"). See 33 U.S.C. §§ 2718 (a), (c); In the Matter of the Complaint of MetLife Capital Corp., 132 F.3d 818 (1st Cir. 1997); In the Matter of the Complaint of JAHRE SPRAY II, Civ. A. No. 95-3495, 1996 WL 451315 (D.N.J. Aug. 5, 1996). Claims recoverable under OPA-90 are set forth at 33 U.S.C. § 2702 (a), (b).

4. Frescati is a commercial entity organized and existing under the laws of Cyprus with an office and place of business in Limassol, Cyprus and at all material times herein was the registered owner of the M/T ATHOS I.

5. Tsakos is a commercial entity organized and existing under the laws of the Republic of Panama, with an office and place of business in Athens, Greece. At all material times herein Tsakos was the manager of the M/T ATHOS I.

**FACTS**

6. On November 20, 2004, the M/T ATHOS I departed Puerto Miranda, Venezuela with approximately 48,100 metric tons of Bachaquero – 13 crude oil onboard for delivery to Citgo Asphalt Refining Company in Paulsboro, New Jersey.

7. On November 26, 2004, the ATHOS I proceeded upriver within the navigable channel of the Delaware River under pilotage of a duly licensed member of the Pilots Association for the Bay and River Delaware to the Citgo terminal.

8. On the evening of November 26, 2004, a federally-licensed docking pilot boarded the ATHOS I and took control of her maneuvers for the purpose of bringing the vessel from the navigable channel of the Delaware River into the berth at the Citgo Terminal. At this

1117514v1

time, two tug boats, operating under the direction of the docking pilot, took up positions alongside the ATHOS I to maneuver her into the Citgo berth.

9. Shortly after 2100 hours E.S.T. on November 26, 2004, during the berthing maneuver, personnel on one of the tug boats observed and reported to the docking pilot the appearance of oil on the surface of the water next to the ATHOS I. At or about the same time, the ATHOS I took an approximately 8-degree list. It was determined at that time that the ATHOS I was losing part of her cargo to the Delaware River and appropriate notifications were immediately made to the USCG and state authorities as required by law.

10. It is believed that the ATHOS I contacted with one or more underwater obstructions within the channel of the Delaware River, federal anchorage number 9, and/or Citgo berth, which contact left a 6 foot by 1 foot gash in cargo tank 7 center, and a smaller hole of approximately two feet in size in 7 port ballast tank.

11. At the time of the incident, the ATHOS I was being maneuvered within the channel and the proper approaches to the Citgo Terminal.

12. As a result of this incident, an as yet undetermined amount of crude oil was released into the Delaware River, requiring implementation of an emergency spill response plan by the Vessel Owner under the direct command of the USCG pursuant to, *inter alia*, the Oil Pollution Act of 1990 ("OPA 90"). In addition to the emergency spill response actions, which are still ongoing, certain efforts have been underway to evaluate potential damage to natural resources and gather and evaluate hundreds of public and private damage claims filed with the Vessel Owner's designated claims management consultant by, *inter alia*, owners of property

along the Delaware River and its tributary wetlands and creeks or vessels located within these waterbodies.

13. Over 650 claims have been filed to date. See Ex. A, attached. The Vessel Owner anticipates that other claimants will seek to pursue damages allegedly caused by this incident. It is anticipated that these claims will exceed the value of the ATHOS I and her pending freight at the conclusion of the voyage, which occurred on December 12, 2004.

14. At all times relevant hereto, plaintiffs used due diligence to make the ATHOS I seaworthy. At and prior to the commencement of the voyage at issue, the ATHOS I was tight, staunch, strong, properly manned, equipped and supplied, and in all respects seaworthy for the service in which it was engaged.

15. The damages which occurred, and may yet occur, as a result of the November 26, 2004 incident, were not caused by any negligence on the part of plaintiffs, its employees, servants or agents, or by the unseaworthiness of the vessel ATHOS I, or with the privity and knowledge of plaintiffs.

16. If, however, it is found that plaintiffs, in personam, and/or the vessel ATHOS I, in rem, are liable for such damages, it is averred and alleged that the losses or damages were not caused or contributed to by any fault or want of care on the part of plaintiffs or, by any persons for whom Frescati and/or Tsakos was or is responsible, but were caused solely by acts of God, third parties, or events beyond the control, privity and knowledge of Tsakos and Frescati.

17.  On December 10, 2004, Plaintiffs' interest in the vessel ATHOS I at the end of the voyage in question was $5,100,000, as nearly as can now be estimated. There was no freight. The value of the vessel and the pending freight is potentially less than the total amount of claims expected to be brought against plaintiffs and the vessel ATHOS I.

18.  This Complaint is filed within six months of the date plaintiffs first received written notice of claim from any claimant alleging damage which occurred during the relevant voyage.

19.  Plaintiffs claim exoneration from liability for any and all losses, damages, injuries or destruction, caused, done, occasioned or incurred on the voyage during which the alleged damage occurred and for any and all claims therefore.

20.  If, however, Plaintiffs may be judged liable Plaintiffs alternatively claim the benefit of limitation of liability, as provided in 46 U.S.C. App. § 181 et seq., Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and by the rules and practice of this Honorable Court for claims cognizable under general maritime law and/or state law.

21.  Plaintiffs are now ready, able and willing and hereby offer to give a stipulation with sufficient security for the value of plaintiffs' interest in the vessel ATHOS I and her pending freight as required at the conclusion of the voyage, with interest thereon. Such stipulation and security will be provided whenever same shall be ordered herein.

22.  The aforementioned allegations and averments are true and correct, and are brought within the admiralty and maritime jurisdiction of the United States and of this

Honorable Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

WHEREFORE, Plaintiffs demand that:

1. This Court issue a notice to all persons asserting claims with respect to which the Complaint seeks exoneration or limitation admonishing them to file their respective Claims with the Clerk of the Court and to serve on the attorneys for Plaintiffs a copy thereof on or before the date to be named in the notice and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, he shall file and serve on the attorneys for Plaintiffs an Answer to the Complaint on or before the said date, unless his claim has included an Answer, so designated;

2. This Court restrain, stay, and enjoin the further prosecution of any and all actions, suits or proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits, or proceedings, of any nature or description whatsoever in any jurisdiction against Plaintiffs, as aforesaid, or against any property of Plaintiffs, except in this action, to recover damages for or in respect of any loss, damage, injury, or destruction caused by or resulting from the aforesaid incident, or done, occasioned or incurred on the aforesaid voyage, which loss, damage or injury is not encompassed by the Oil Pollution Action of 1990, 33 U.S.C. §§ 2701 ff.

3. This Court adjudge that Plaintiffs are not liable to any extent for any loss, damage, injury or destruction to or for any claim therefore in any way arising out of, resulting from, done, occasioned, or incurred on the aforesaid voyage;

1117514v1

4.  It Plaintiffs shall be ajudged liable, as the owner of the vessel ATHOS I, and any such liability be limited to $5,100,000.00, the amount or value of Plaintiffs' interest in the vessel ATHOS I, and pending freights at the termination of the voyage on which said vessel was engaged at the time of the alleged damage, and that judgment be entered discharging Plaintiffs, as owner and manager respectively of the vessel ATHOS I, from all further liabilities; and that

5.  Plaintiffs may have such other and further relief as this Court deems appropriate under the circumstances.

Date: January 21, 2005

Respectfully submitted,

_____
Alfred J. Kuffler (AJ868)
Stephen G. Rhoads (SGR2659)
John J. Levy (JL737)
MONTGOMERY, MCCRACKEN, WALKER &
RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500

Attorneys for Plaintiff
Tsakos Shipping and Trading, S.A.