```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

In re Petition of Frescati          :    CIVIL ACTION
Shipping Company, Ltd., as Owner:
of the M/T ATHOS I and Tsakos      :
Shipping & Trading, S.A., as       :
Manager of the ATHOS I for         :    NO. 05-305
Exoneration from or Limitation     :
of Liability                       :

**MEMORANDUM AND ORDER**

Fullam, Sr. J.                                        January 5, 2006

On November 26, 2004, as the tank vessel ATHOS I traveled toward an asphalt refinery located on the Delaware River in Paulsboro, New Jersey, it struck a submerged nine-ton piece of metal and began to spill crude oil into the river. CITGO Asphalt Refining Company ("CARCO") owned the crude oil carried by the ATHOS I and the asphalt refinery in Paulsboro. The spill resulted in substantial removal costs and damages.

The United States Coast Guard determined that Frescati Shipping Company, Ltd., Tsakos Shipping & Trading, S.A., and the M/T ATHOS I (collectively, "Plaintiffs"), were the parties responsible for the spill under the Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq*. ("OPA-90"). Plaintiffs have filed an administrative claim with the Oil Spill Liability Trust Fund ("OSLTF") pursuant to OPA-90 to recover the $124 million paid for removal and damage costs.

Plaintiffs filed in this Court a complaint for exoneration from or limitation of liability.  Various individuals and entities filed claims against Plaintiffs, including CARCO.  Plaintiffs in turn filed a counterclaim and then an amended counterclaim against CARCO, seeking to recover from CARCO for damage to the hull and any costs for which Plaintiffs remain liable after the OSLTF proceedings conclude.

Although some of the claimants agreed to stay their claims while the OSLTF proceedings are pending, others did not.  Plaintiffs have moved to stay the claims, with the exception of the litigation concerning CARCO.  With regard to CARCO, Plaintiffs have moved to sever and stay only Counts VIII and X of the Amended Counterclaim, which seek indemnification of claims unreimbursed under the OSLTF and a declaration that the claims against CARCO for reimbursement of removal costs and damages in excess of the amount recovered from OSLTF are stayed and that all applicable statutes of limitations are tolled during the stay, or, in the alternative, declaring Plaintiffs' claims for reimbursement of removal costs and damages do not constitute compulsory counterclaims.

CARCO, which opposes the motion to sever and stay, has moved for partial summary judgment on the Amended Counterclaim, arguing that Plaintiffs cannot establish that CARCO is liable for any claims relating to the bill of lading for the voyage.  A bill of

2

lading states the terms under which goods are to be carried on a specific vessel bound for a particular destination, and depending upon the circumstances may constitute a binding contract or may serve only as a receipt.  After CARCO filed its motion for partial summary judgment, Plaintiffs filed a motion for leave to file a second amended counterclaim.  The proposed amendment changes language in the Amended Counterclaim that could be seen as an admission that the bill of lading in this case does not have the force of a contract, and also adds a great many factual allegations as well as additional claims for relief.  CARCO opposes the proposed amendment.

   Because no purpose would be served by litigating claims that may be resolved as a result of the OSLTF proceedings, I will grant the motions to sever and stay claims.  I will deny the motion for partial summary judgment and grant the motion to file a second amended counterclaim.  Based upon the current record, it is not possible to determine as a matter of law the intents and understandings of the parties to the bill of lading. See Yang Ming Marine Transp. Corp. v. Okamoto Freighters Ltd., 259 F.3d 1086, 1096(9th  Cir. 2001).  See generally James L. Chapman, IV and Shawn A. Voyles, Cargo Litigation: A Primer on Cargo Claims and Review of Recent Developments, 16 U.S.F. Mar. L. Rev. 1, 9 (2004).  The proposed amendment is unnecessarily replete with factual detail to which CARCO should not be required to respond;

CARCO's previous response will be deemed to apply to the most recent amendment.

    An order follows.

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
In re Petition of Frescati        :   CIVIL ACTION
Shipping Company, Ltd., as Owner  :
of the M/T ATHOS I and Tsakos     :
Shipping & Trading, S.A., as      :
Manager of the ATHOS I for        :   NO. 05-305
Exoneration from or Limitation    :
of Liability                      :
```

**O R D E R**

AND NOW, this 5th day of January, 2006, for the reasons stated in the accompanying memorandum,

IT IS hereby ORDERED that:

1. Plaintiff's Motion to Sever and Stay (Document No. 41) is GRANTED. Counts VIII and X of the Amended Counterclaim are STAYED pending completion of administrative proceedings or until further Order of this Court.

2. Plaintiffs' Motion to Stay (Document No. 44) is GRANTED. The claims of Joseph and Mary Enos, Antoinette Miskiewicz, t/a Ziggy's & Sons Boat Yard, Mantua Creek Generating Project, L.P. and West End Boat Club are stayed pending completion of administrative proceedings or until further Order of this Court.

3. CARCO's Motion for Partial Summary Judgment (Document No. 52) is DENIED.

4. Plaintiffs' Motion for Leave to File an Amended Counterclaim (Documents No. 70 and 71) is GRANTED. The Second Amended Counterclaim attached as Exhibit "A" to the Motion is DEEMED FILED. Counts VIII and X of the Amended Counterclaim are STAYED pending completion of administrative proceedings or until further Order of this Court.

5. CARCO's original answer to the amended counterclaim is deemed to apply to the most recent amended

counterclaim, and no further response by CARCO is necessary.

            BY THE COURT:

            /s/ John P. Fullam
              Fullam, Sr. J.