```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


Van Schaeffer, et al.          :    CIVIL ACTION
                               :
          v.                   :
                               :
Tsakos Shipping and Trading, S.A. :
and Frescati Shipping Company, Ltd.:  NO. 05-4486
```

**MEMORANDUM AND ORDER**

Fullam, Sr. J.                                        May 2 , 2006

On November 26, 2004, the tank vessel ATHOS I struck a submerged nine-ton piece of metal and spilled crude oil into the Delaware River.  Plaintiffs are property owners along the river on the New Jersey side.  The United States Coast Guard determined that the Defendants in this action were responsible for the spill under the Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq*. ("OPA 90").  Defendants earlier filed in this Court Civil Action No. 05-305, seeking exoneration from or limitation of liability (the "Limitation Action").[1]

Defendants have moved to dismiss Count II of Plaintiffs' Complaint, which alleges strict liability under New Jersey's Spill and Compensation and Control Act (the "Spill Act"), and "transfer" the other counts to the Limitation Action.  They also

---

[1] Plaintiffs filed suit in New Jersey state court, Defendants removed it to New Jersey federal court, and the parties agreed to transfer the action to this Court as related to the Limitation Action.

contend that Plaintiffs cannot proceed as a class. Plaintiffs seek leave to file a second amended complaint to add a declaratory judgment count. I will dismiss Count II without prejudice to Plaintiffs' ability to submit claims to the New Jersey Spill Fund or the National Pollution Funds Center and consolidate the remaining counts with the Limitation Action. I will deny Plaintiffs' motion to amend.

Plaintiffs do not allege that they have incurred any costs in connection with the oil spill, and they acknowledge that they have not complied with the requirements of the New Jersey Spill Act, such as written approval of a remediation plan from the New Jersey Department of Environmental Protection. See N.J.S.A. 58:10-23.11b, 58:10-23.11f(a)(2). Therefore, Count II must be dismissed.

Plaintiffs seek to amend the Amended Complaint to assert a claim for a declaratory judgment that Defendants must indemnify Plaintiffs for any future cleanup and remediation costs. This amendment would be futile: without an allegation of liability for present costs, there is no justiciable controversy.

The remaining state common-law claims must be litigated as part of the Limitation Action. The Limitation Act, 46 U.S.C. § 181, *et seq.*, permits a vessel owner to compel all suits to be filed in a single action limited to the value of the vessel and its freight. OPA 90, however, excludes certain claims from the

requirements of the Limitation Act, and permits states to impose additional liability.  See Bouchard Trans. Co. v. Updegraff, 147 F.3d 1344, 1347, 1352 (11th Cir. 1998).  General maritime and admiralty claims remain subject to the Limitation Act.  See Metlife Capital Corp. v. M/V Emily S., 132 F.3d 818, 822-23 (1st Cir. 1997).

The amended complaint seeks punitive damages and alleges damages for loss of enjoyment of the property, decline in property values, and inconvenience.  Because the Amended Complaint does not allege that the named plaintiffs have incurred removal and clean up costs or that any of their property has been destroyed, and given that they have not alleged a cognizable claim under the New Jersey Spill Act, I conclude that in these circumstances it would be a stretch to characterize claims for nuisance as arising under New Jersey's statutory scheme to impose additional liability upon oil polluters.  Therefore, the claims will be consolidated as part of the Limitation Action.

Defendants also are correct that Plaintiffs' claims cannot be pursued as a class action.  See Lloyd's Leasing Ltd. v. Bates, 902 F.2d 368 (5th Cir. 1990).

An order follows.

```
                   IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA


Van Schaeffer, et al.              :    CIVIL ACTION
                                   :
         v.                        :
                                   :
Tsakos Shipping and Trading, S.A.  :
and Frescati Shipping Company, Ltd.:    NO. 05-4486
```

**O R D E R**

AND NOW, this 2nd day of May, 2006, for the reasons stated in the accompanying memorandum,

IT IS hereby ORDERED that:

1. Defendants' Motion to Dismiss Count II of the Amended Complaint is GRANTED. Count II is dismissed without prejudice to Plaintiffs' ability to submit claims to the New Jersey Spill Fund or the National Pollution Funds Center.

2. Civil Action No. 05-4486 is hereby CONSOLIDATED with Civil Action No. 05-305 for all purposes. All pleadings are to be filed under Civil Action No. 05-305, and the Clerk is directed to mark Civil Action No. 05-4486 CLOSED for statistical purposes.

3. The class action allegations in the Amended Complaint are STRICKEN.

4. Plaintiffs' Motion for Leave to File a Second Amended Complaint is DENIED.

                                        BY THE COURT:


                                        /s/ John P. Fullam
                                            Fullam,  Sr. J.