```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

In re Petition of Frescati           :        CIVIL ACTION
Shipping Company, Ltd., as Owner:
of the M/T ATHOS I and Tsakos        :
Shipping & Trading, S.A., as         :
Manager of the ATHOS I for           :        NO. 05-305
Exoneration from or Limitation       :
of Liability                         :

**MEMORANDUM AND ORDER**

Fullam, Sr. J.                                           December 6, 2006

On November 26, 2004, as the tank vessel ATHOS I traveled toward an asphalt refinery located on the Delaware River in Paulsboro, New Jersey, it struck a submerged nine-ton piece of metal and began to spill crude oil into the river. The spill resulted in substantial removal costs and damages. Plaintiffs, the owner and manager of the vessel, have sought discovery from a non-party, Weeks Marine, which performed dredging work on the river.

In response to a subpoena *duces tecum* issued by Plaintiffs, Weeks filed a motion to quash. By order dated June 14, 2006, I granted the motion to quash without prejudice to Plaintiffs' right to issue a modified subpoena limited in time and scope. Plaintiffs issued a modified subpoena, and Weeks now seeks $26,415.42 in counsel fees and costs incurred in complying with the subpoena.

As a non-party, Weeks may recover expenses resulting from the production, including legal fees where the work benefits the requesting party. See, e.g., In re Automotive Refinishing Paint, 229 F.R.D. 482, 486-87 (E.D. Pa. 2005); First Am. Corp. v. Price Waterhouse LLP, 184 F.R.D. 234, 241 (S.D.N.Y. 1998). Contrary to Plaintiffs' contention, Weeks was not required to file formal objections when the substance of the subpoena had been approved by the Court and Plaintiffs offered to pay all reasonable copying costs.  I find that it was reasonable for Plaintiffs to copy all responsive documents, especially as the files were located in both New Jersey and Louisiana.  I will approve Weeks' request for $16,150.42 in costs for locating, copying, and shipping documents.  Because the counsel fees sought by Weeks benefitted both Weeks and Plaintiffs, I will approve half of the fees sought, in the amount of $5,132.50.

Plaintiffs have filed a cross-motion seeking a more detailed privilege log and an index prepared by Weeks.  It appears that Weeks already offered to elaborate on the initial privilege log and that the index, as it was prepared by counsel and contains counsel's impressions of the significance of documents, constitutes protected work product.  The cross-motion will be denied.

An order follows.

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


In re Petition of Frescati      :    CIVIL ACTION
Shipping Company, Ltd., as Owner:
of the M/T ATHOS I and Tsakos   :
Shipping & Trading, S.A., as    :
Manager of the ATHOS I for      :    NO. 05-305
Exoneration from or Limitation  :
of Liability                    :
```

**O R D E R**

AND NOW, this 6th day of December 2006, for the reasons stated in the accompanying memorandum and following oral argument on the motions,

IT IS hereby ORDERED that:

1. Weeks Marine's Motion for Costs of Compliance with Subpoena (Document No. 127) is GRANTED as followed: Plaintiffs are hereby ORDERED to pay $21,282.92 in costs and fees to Weeks Marine within 30 days of the date of this ORDER.

2. Plaintiffs' Cross-Motion to Compel Weeks to Comply with Subpoena (Document No. 130) is DENIED.

                              BY THE COURT:


                              /s/ John P. Fullam
                              Fullam,        Sr. J.