IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PETITION OF FRESCATI SHIPPING COMPANY, LTD., as Owner of the M/T ATHOS I and TSAKOS SHIPPING & TRADING, S.A., as Manager of the ATHOS I for Exoneration from or Limitation of Liability | : : : : : : : | CIVIL ACTION<br><br><br><br><br><br>No. 05-cv-00305-JF |
| UNITED STATES OF AMERICA<br><br>V.<br><br>CITGO ASPHALT REFINING COMPANY, et al. | : : : : : : | CIVIL ACTION<br><br><br><br><br>No. 08-cv-02898-JF |

MEMORANDUM AND ORDER

Fullam, Sr. J.                                                    October 8, 2009

In these consolidated actions stemming from a devastating oil-spill in the Delaware River, there is a dispute among counsel concerning whether various expert witnesses should be permitted, after their depositions have been taken, to file amended or updated expert reports which vary from, and in some cases allegedly contradict, their earlier expressed opinions.

At an earlier stage, counsel agreed among themselves as to the proper method of handling these issues, but soon thereafter, counsel for the Frescati interests sought to deviate from the agreed procedure. The Citgo interests have filed a "Motion to Strike and Bar" certain late-filed expert reports and opinions.  The motions are, however, not accompanied by a certification under Local Rule 26, to the effect that counsel had

conferred and could not reach a resolution of the issues raised by the motion. Counsel for Citgo, understandably, viewed the earlier agreement among counsel as sufficient compliance with Rule 26.

At the argument on these pending motions, counsel for the Frescati interests asserted, without contradiction, that he had already offered a solution, namely, that his client would pay for any additional costs which might be involved in re-deposing the experts in question.

While it is technically correct that the supplemental reports challenged by the movant could be dismissed as untimely, in view of various scheduling orders previously agreed upon by the parties, the fact remains that all of the schedules expressly provided that departures could occur if this Court approved them. The real issue, as I see it, is whether this Court should now, *nunc pro tunc*, approve the late filing of the expert reports in question. Given the fact that trial is not scheduled to occur until next April, and given the desirability of permitting each party to present what it regards as the best evidence in support of its cause, I have no difficulty in concluding that the compromise suggested by Frescati's counsel should be implemented. An Order to that effect follows.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.