IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re Petition of Frescati Shipping Company, Ltd., as Owner of the M/T ATHOS I and Tsakos Shipping & Trading, S.A., as Manager of the ATHOS I for Exoneration from or Limitation of Liability | : : : : : : : : | CIVIL ACTION<br><br><br><br><br><br>NO. 05-305 |
| United States of America<br><br>v.<br><br>Citgo Asphalt Refining Company, Citgo Petroleum Corporation, and Citgo East Coast Oil Corporation | : : : : : : : | CIVIL ACTION<br><br><br><br><br><br>NO. 08-2898 |

**MEMORANDUM**

Fullam, Sr. J.                                                                                   August 9, 2010

      Trial in these cases arising from an oil spill in the Delaware River is scheduled to begin on September 21, 2010. The Frescati plaintiffs seek leave to conduct a videotaped trial deposition of a non-party witness, Oscar Castillo. Mr. Castillo lives in Canada, beyond the subpoena power of this Court, where he works for a company headquartered in Houston. According to the motion papers, the employer is unwilling to have Mr. Castillo appear at trial in Philadelphia but will agree to his appearing at a trial deposition in Houston. I gather that Mr. Castillo will accede to his employer's wishes on this point. The CARCO defendants oppose the motion, arguing that Mr. Castillo was deposed in 2007, and that if he does not wish to appear at trial, the earlier deposition testimony may be admitted into the record. The problem with that, from the perspective of the Frescati

plaintiffs, is that two years after his deposition Mr. Castillo executed a certification that seeks to change some of his deposition testimony. Therefore, the Frescati plaintiffs argue that the 2007 deposition will result in incomplete information being presented to the Court.

It appears that Mr. Castillo's testimony bears on important issues to the trial -- he was hired to inspect and measure the amount of cargo remaining on the ship after the spill, and he had the opportunity to observe the drafts of the ship -- such that it is appropriate to allow a second deposition. However, given the fact that Mr. Castillo has been deposed before, and the distances involved, I have concluded that, if the Frescati plaintiffs pursue this course, they should bear the expense involved in the attendance of the CARCO defendants' counsel at the deposition (travel, lodging and meals, not compensation of counsel).

An order will be entered.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam,    Sr. J.